IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) ) | **COMPLAINT** |
| v. | ) ) | |
| BCD RESTAURANTS, LLC d/b/a ZAXBY'S, | ) ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices and to provide appropriate relief to Victoria Jones ("Jones"), who was adversely affected by such practices. Specifically, Plaintiff Equal Employment Opportunity Commission (the "Commission") alleges that Defendant BCD Restaurants, LLC d/b/a Zaxby's ("Defendant") subjected Jones to a sexually hostile work environment and terminated her employment because she engaged in activity protected by Title VII, in violation of Title VII.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1)

1

and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been a North Carolina limited liability company doing business in the State of North Carolina and the City of Greensboro and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Jones filed a charge with the Commission alleging violations of Title VII by Defendant. Defendant responded to Jones's charge and participated in all aspects of the Commission's administrative investigation.

7. On July 18, 2019, the Commission issued to Defendant a Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to

join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Determination.

9. Defendant participated in the Commission's conciliation efforts.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On August 22, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. As described in greater detail below, from at least in or around late November 2018 through on or around January 25, 2019, Defendant engaged in unlawful employment practices at its Zaxby's restaurant in Greensboro, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-(2)(a)(1), and Section 704(a) of Title VII, 42 U.S.C. § 2000(e)-3(a). Specifically, Defendant discriminated against Jones by subjecting her to a sexually hostile work environment and discharging her in retaliation for engaging in activity protected by Title VII.

14. On or around November 13, 2018, Defendant hired Jones as a cashier to work at its Zaxby's restaurant located at 3501 W. Gate City Boulevard in Greensboro, North Carolina (hereafter "Greensboro restaurant").

15. The General Manager of the Greensboro restaurant directly supervised Jones during her employment.

16. Beginning in or around late November 2018 and continuing until at least January 25, 2019, the General Manager of Defendant's Greensboro restaurant made sexual comments to Jones on a daily or almost daily basis while Jones was working at the restaurant.

17. The General Manager's comments included, by way of example, asking Jones if the General Manager could perform various sexual acts on Jones such as traditional sex and oral sex; and commenting about how Jones's genitalia might taste.

18. In or around mid-December 2018, the General Manager asked Jones to go to a hotel with him for the purpose of having sexual intercourse. The General Manager told Jones he would pay for everything, and that all she needed to do was wear fish net stockings. Jones declined the General Manager's invitation.

19. In or around early January 2019, the General Manager attempted to grab Jones's buttocks. Jones slapped the General Manager's hand away from her person.

20. The General Manager's sexually explicit comments and conduct, and requests for sex were unwelcome and offensive to Jones.

21. Through the conduct and comments of the General Manager, Defendant subjected Jones to sexual harassment that created a sexually hostile work environment.

22. On or around January 23, 2019, Jones reported the General Manager's sexually harassing conduct to a co-owner of Defendant.

23. On Jones' next scheduled day of work, on or about January 25, 2019, the General Manager continued to make sexual comments to Jones.

24. Jones was not scheduled to work at the Greensboro restaurant on January 26, 2019 or January 27, 2019.

25. On or about January 26, 2019, Jones attempted to access Defendant's online computer system to obtain her schedule for the following week. Jones was unable to access the system.

26. On January 28, 2019, Jones reported to the Greensboro restaurant to see if she was scheduled to work. The General Manager told Jones that one of Defendant's owners had decided to terminate Jones's employment.

27. Jones's last day working for Defendant was January 25, 2019.

28. Defendant discharged Jones in retaliation for engaging in activity protected by Title VII.

29. The effect of the practices complained of above has been to deprive Jones of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female, and because of her opposition to practices made unlawful by Title VII.

30. The unlawful employment practices complained of above were intentional.

31. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Jones.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from harassment based on sex, including maintaining a sexually hostile work environment, or any other employment practice that discriminates on the basis of sex.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in retaliation against employees because they have opposed unlawful employment practices or otherwise engaged in protected activity by Title VII.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make Jones whole by providing appropriate backpay with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Jones or front pay in lieu thereof.

E. Order Defendant to make Jones whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant to make Jones whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and loss of civil rights, in amounts to be determined at trial.

G. Order Defendant to pay Jones punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 5th day of September, 2019.

        SHARON FAST GUSTAFSON
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        EQUAL EMPLOYMENT
        OPPORTUNITY
        COMMISSION
        131 M Street, NW
        Washington, D.C. 20507

        /s/ Lynette A. Barnes
        LYNETTE A. BARNES
        (NC Bar 19732)
        Regional Attorney

        /s/Ylda M. Kopka
        YLDA M. KOPKA
        (Ill. Bar 6286627)
        Supervisory Trial Attorney

        /s/Yolanda Brock
        YOLANDA BROCK
        (NC Bar No. 36651)
        Senior Trial Attorney
        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        Charlotte District Office
        129 West Trade Street, Suite 400
        Charlotte, North Carolina 28202
        Email: yolanda.brock@eeoc.gov
        Direct Dial: 704-954-6463
        Facsimile: 704-954-6412

        **ATTORNEYS FOR PLAINTIFF**