IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:19CV903 |
| BCD RESTAURANTS, LLC D/B/A ZAXBY'S, | ) ) ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  The Commission's complaint alleged that Defendant BCD Restaurants, LLC d/b/a Zaxby's ("Defendant") subjected Victoria Jones to a sexually hostile work environment and terminated her employment because she engaged in activity protected by Title VII, in violation of Title VII.  Defendant denies the allegations in the Complaint, and by entering into the Consent Decree, it is not admitting that it has done anything unlawful.  EEOC likewise does not disavow any of the allegations in the Complaint.

The Commission, and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 20 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII, including by creating or maintaining a sexually hostile work environment or failing to correct sexually harassing behavior in the workplace.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Victoria Jones the sum of THIRTY THOUSAND DOLLARS ($30,000.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Victoria Jones. Payment in the amount of $15,000 shall be made within fifteen (15) days, and an additional $15,000 shall be made within (40) days after the Court approves this Consent Decree. Defendant shall mail both checks to Victoria Jones at an address provided by the Commission. Within ten (10) days after each check has been sent, Defendant shall send to the Commission, a copy of the check and proof of its delivery to Victoria Jones. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties

and/or costs that Victoria Jones may or may not incur on such payments under local, state and/or federal law.

4. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Victoria Jones any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 435-2019-00328 and the related events that occurred thereafter, including this litigation. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall change all references in its personnel records for Victoria Jones from "terminated" to "voluntarily separated." Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Defendant shall provide Victoria Jones with a neutral letter of reference using the form attached hereto as Exhibit A. Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Victoria Jones at an address provided by the Commission. Victoria Jones is free to disseminate the letter to potential employers. Defendant agrees that if it receives any inquiry about Victoria Jones from a potential employer, it will provide only the information set forth in the letter of reference in response.

6. Within ninety-five (95) days after the Consent Decree is entered, Defendant's Co-Owners shall prepare, sign, and distribute to employees a letter addressed to Defendant's employees containing the following: (a) discrimination or harassment based on sex violates Title VII of the Civil Rights Act of 1964; (b) Defendant has implemented an anti-discrimination policy to prevent discrimination and harassment based on sex; (c) all managers,

3

assistant managers, and employees are expected to read and act in accordance with the attached anti-discrimination policy; (d) discrimination or harassment based on sex will not be tolerated and is ground for disciplinary action, up to, and including immediate termination; (e) employees who report discrimination and/or harassment based on sex will not be subject to retaliation; and (f) retaliation will not be tolerated and any manager who takes retaliatory action against an employee because of a report of harassment and/or discrimination. The letter shall be signed by Defendant's Co-Owners and General Managers. Defendant shall attach the anti-discrimination policy discussed in paragraph 7 to the above-described letter. Within one hundred (100) days after the entry of this decree, Defendant shall report compliance with the terms of this paragraph.

7. Within ninety (90) days of the entry of this Consent Decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy including:

   a. an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against sexual harassment, discrimination, and retaliation;

   b. a definition of harassment along with examples of sexual harassment to supplement the definition of harassment;

   c. a statement that employee use of sex-based comments, sexually inappropriate comments and/or engagement in sexually inappropriate conduct will not be tolerated, and can lead to disciplinary action, up to and including, termination;

   d. a statement that employees may report harassment to any Owner, Co-Owner, General Manager, manager, assistant manager, or human resources employee (hereinafter "Reporting Officials");

   e. a statement that Reporting Officials shall document all verbal or written complaints or other information regarding a report of possible harassment;

4

Case 1:19-cv-00903-LCB-JLW   Document 13   Filed 01/16/20   Page 4 of 15

   f. a statement that any Reporting Official who sees, hears or is otherwise notified of sexually inappropriate comments and/or conduct must send written notice of the incident to Defendant's Director of Human Resources within (1) business day of the incident with the following information: the full name of the employee, date of the occurrence, witnesses to the alleged occurrence, the name of the employee(s) involved, and a brief statement of the employee's sexually inappropriate comments and/or conduct;

   g. a statement that Defendant will thoroughly investigate all complaints discrimination, including sexual harassment, discrimination, and retaliation;

   h. a procedure for the prompt commencement of an investigation after a complaint is made or received and for appropriate remedial action to be taken upon conclusion of an investigation, such as written discipline, where merited, suspension without pay, termination, and temporary or permanent transfer to a different shift or facility;

   i. a statement that no form of retaliation against the target of harassment, individuals who provide information, or other individuals contacted in the course of a harassment investigation (or otherwise involved in a harassment investigation) will be tolerated and that any such retaliation will result in serious disciplinary action, including possible discharge; and

   j. a statement that any Reporting Official who permits harassment to occur, fails to report harassment, or fails to implement measures outlined in the anti-discrimination policy to remedy harassment be appropriately disciplined, up to and including termination, suspension without pay, or demotion, and that a record of such discipline will be placed permanently in his or her personnel file.

Defendant shall distribute to each current employee a copy of the policy within the aforementioned 90-day time period. Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

  8. During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 7, *supra*, in all of its North Carolina facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace

it by posting another copy of the policy. Within ninety-five (95) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

9. <u>Training – non-managerial employees</u>.

Defendant shall provide an annual training program to all of its non-managerial employees at its North Carolina facilities. Each training program shall include an explanation of: (a) the requirements of Title VII of the Civil Rights Act of 1964; (b) Title VII's prohibition against harassment and discrimination based on sex; (c) the prohibition under Title VII against retaliation in the workplace; (d) a statement that Title VII prohibits employees as well as managers from using sexually inappropriate comments and/or engaging in sexually inappropriate conduct in the workplace; (e) an explanation of Defendant's anti-discrimination policy referenced in paragraph 7 above; (f) an explanation of the rights and responsibilities of employees and of Reporting Officials under Defendant's anti-discrimination policy (referenced in paragraph 7 above), including to whom and how to report discrimination and/or harassment; (g) an explanation of the types of conduct that may constitute sexual harassment and/or retaliation; and (h) the penalties for engaging in discriminatory behavior. The deadline for training current employees is stated in paragraph 11 below.

Defendant shall cover the topics listed in paragraph 9 (a) through (h) with each new employee during the new employee orientation, which shall be conducted within thirty (30) days of hire.

Defendant shall require all employees who attend the annual training to print and sign their full name on a roster. Defendant shall allow one or more representative(s) from the Commission to attend the training programs required by this paragraph at the sole discretion of the Commission.

10. <u>Training – Reporting Officials</u>.

Defendant shall provide an annual training program to all Reporting Officials at its North Carolina facilities. Each training program shall include an explanation of: (a) the requirements of Title VII of the Civil Rights Act of 1964; (b) Title VII's prohibition against harassment and discrimination based on sex; (c) the prohibition under Title VII against retaliation in the workplace; (d) an explanation of Defendant's anti-discrimination policy referenced in paragraph 7 above; (e) a statement that Title VII prohibits employees as well as managers from using sexually inappropriate comments and/or conduct in the workplace; (f) an explanation of the rights and responsibilities of employees and Reporting Officials under Defendant's anti-discrimination policy (referenced in paragraph 7 above), including to whom and how to report discrimination and/or harassment; (g) an explanation of the types of conduct that may constitute sexual harassment and/or retaliation; (h) how to document reports or observations of harassment in a prompt and effective manner; (i) how to respond to reports or observations of harassment in accordance with Defendant's anti-discrimination policy in a prompt and effective manner; and (j) the penalties for failing to respond to reports or observations of harassment in a prompt and effective manner. The deadline for training current Reporting Officials is stated in paragraph 11 below.

All persons who are hired or promoted into one of the positions within the "Reporting Officials" definition *supra*, during the term of this Decree, shall receive training within thirty (30) days of hire or promotion.

Defendant shall require all Reporting Officials who attend the training to print and sign their full name on a roster. Defendant shall allow one or more representative(s) from the Commission to attend the training programs required by this paragraph at the sole discretion

of the Commission.

11. <u>Deadline for training</u>.

The first training program under paragraph 9 for non-managerial employees and under paragraph 10 for Reporting Officials shall be completed within one hundred (100) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each training program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to <u>EEOC-CTDO-decree-monitoring@eeoc.gov</u>. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

12. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree, in a place where it is visible to employees at its North Carolina facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

13. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months

after approval by the Court of this Consent Decree. The reports will include the following information:

a. the identities of all individuals who have complained either verbally or in writing of unwelcome conduct based on sex, including conduct the individual believed to be sexual harassment. The "identity" of the individual should include the individual's name, telephone number, address, and job title;

b. the identities of all individuals who have complained either verbally or in writing of conduct the individual believes to be in violation of Defendant's policy referenced in paragraph 7. The "identity" of the individual should include the individual's name, telephone number, address, and job title;

c. the identities of all individuals who have opposed any practice made unlawful under Title VII, or who have filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing under the foregoing statute. The "identity" of the individual should include the individual's name, telephone number, address, and job title;

d. describe all actions taken in response to the complaint(s) identified in response to 13.A., 13.B and 13.C above and identify each person involved in investigating the complaint(s) and taking action on the complaint(s);

e. for each individual identified in 13.A., 13.B and 13.C above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

f. for each individual whose employment status has changed as identified in 13.E. above, a detailed statement explaining why the individual's employment status has changed.

g. the identities of all new employees who, during the reporting period, received training in accordance with Paragraph 9 above. The "identity" of the individual should include the individual's name, telephone number, address, and job title.

Defendant shall provide the social security number of an individual identified in response to 13.A., 13.B, and 13.C and 13.G within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

14. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's Greensboro, North Carolina facilities, interview employees, and examine and copy documents.

15. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

16. The term of this Consent Decree shall be for three (3) years from its entry by the Court.

17. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Eddie Cashion at ateddie@bcdrestaurants.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

18. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

19. Each party shall bear its own costs and attorney's fees.

20. This Court does in fact have jurisdiction over this matter and nothing precludes either party from petitioning the Court to reopen this matter for further entry of orders as may be necessary.

This, the 16th day of January 2020.

/s/ Loretta C. Biggs
United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff** | **BCD RESTAURANTS, LLC D/B/A ZAXBY'S, Defendant** |

SHARON FAST GUSTAFSON
General Counsel

**/s/ Richard T. Granowsky**

JAMES L. LEE
Deputy General Counsel

Richard T. Granowsky
(NC Bar ID No. 26841)
301 North Elm Street, Suite 700
Greensboro, NC 27401
Telephone: (336) 379-1390
Facsimile:(336) 379-1198
rgranowsky@hillevans.com

GWENDOLYN YOUNG REAMS
Associate General Counsel

**/s/ Kara Haden**

**COUNSEL FOR DEFENDANT**

KARA HADEN (NC Bar #26192)
Acting Regional Attorney
129 West Trade Street, Suite 400
Charlotte, NC 28202
E-mail: lynette.barnes@eeoc.gov

YLDA KOPKA
Supervisory Trial Attorney

**/s/ Yolanda W. Brock**

Yolanda W. Brock (NC Bar # 36651)
Senior Trial Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (704) 954-6463
Facsimile: (704) 954-6412
E-mail: yolanda.brock@eeoc.gov
**ATTORNEYS FOR PLAINTIFF**

[Defendant's letterhead]

[Date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Victoria Jones.

Victoria Jones was employed by BCD Restaurants, LLC d/b/a Zaxby's, from November 13, 2018 to January 25, 2019. During her tenure with us, Ms. Jones held the position of Cashier. Ms. Jones's ending salary was $7.50 per hour.

We hope that this information about Ms. Jones is helpful to you in considering her for employment.

Sincerely,


Eddie Cashion
Co-Owner of Defendant
BCD Restaurants, LLC d/b/a Zaxby's

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Civil Action No.: 1:19-cv-00903 |
| Plaintiff, | ) ) | |
| | ) | **EMPLOYEE NOTICE** |
| v. | ) ) | |
| BCD RESTAURANTS, LLC D/B/A ZAXBY'S, | ) ) ) | |
| Defendant. | ) | |

1. The EEOC alleged that BCD Restaurants, LLC d/b/a Zaxby's ("BCD Restaurants") discriminated against Victoria Jones by subjecting her to a sexually hostile work environment, and by retaliating against her in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). This Notice is posted as part of the settlement reached between EEOC and BCD Restaurant resolving the case.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's sex, color, religion, race, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. BCD Restaurants will comply with such federal law in all respects. Furthermore, BCD Restaurants will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least three (3) years by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL: _____, 2023.